UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IMMIGRATION LAW GROUP, LLP, and <br> VISA LAW GROUP, L.L.C., <br>         Plaintiffs, <br> vs. <br> DANNA MCKITRICK, P.C., et al., <br>         Defendants. | Case No. 4:03CV01226 RWS |

## **MEMORANDUM AND ORDER**

Defendant Danna McKitrick, P.C. ("Danna McKitrick") had clients referred to it to perform immigration legal work. The clients paid a retainer to Danna McKitrick. The clients terminated Danna McKitrick as their counsel before all their immigration work was completed. Immigration Law Group, LLP ("ILG") alleges that the clients assigned their rights to collect any unearned fees from Danna McKitrick that remained from the clients' retainers. The matter is before me on Danna McKitrick's three dispositive motions and ILG's motion for summary judgment. Because I find material facts to be at issue, I will deny all of the motions.

### *Background*

This case arises from the transfer of clients and their files from one law firm to another. In 1996, Defendant Danna McKitrick was retained by American Immigration Services, Inc. ("AIS") to perform legal work related to processing immigration files for alien investors. Sometime thereafter, 202 individual clients were referred to Danna McKitrick by AIS. Each of these clients signed a separate retainer agreement and deposited a retainer with Danna McKitrick. AIS paid an additional retainer fees to Danna McKitrick on behalf of many of the clients.

ILG alleges that the retainer fees were in complete payment of the Danna McKitrick's legal work in completing the clients' immigration paperwork and processing it through the Immigration and Naturalization Service's EB-5 Lawful Permanent Resident Visa Program which included the following work:

(a) The preparation and filing of Form I-526 "Petition for Immigrant Investor" with the INS;

(b) Attending the Visa Interview at the United States Embassy or local INS office resulting in the issuance of the two-year conditional Green Card; and

(c) The preparation and filing of Form I-829 "Petition to Remove Two-Year Condition" with the INS.

The dispute in this case began when Gene McNary, a principal at Danna McKitrick left that firm and associated with ILG. After this move the 202 clients requested Danna McKitrick to transfer their files and their remaining retainer fees to ILG. At the time Danna McKitrick had completed the services listed in (a) and (b) but not (c). Danna McKitrick declined to refund any of the fees.

ILS completed the services enumerated in (c) for each client. ILG has alleged that it received an assignment from these clients to pursue a refund of the unearned portion of the retainers from Danna McKitrick. In the four-count Complaint ILS has sued to recover these unearned fees under the theories of quantum meruit / unjust enrichment, conversion, money had and received, and breach of contract. The conversion claim has already been dismissed from this case. At issue are the claims of over one hundred clients who ILG asserts are entitled to a refund of unearned legal fees from Danna McKitrick.

*Standard of Review*

When ruling on a motion to dismiss, I am required to accept the complaint's factual allegations as true and to construe them liberally in the light most favorable to the plaintiff. In essence, this mandates that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Midwestern Machinery, Inc. v. Northwest Airlines, 167 F.3d 439, 441 (8th Cir.1999).

In considering whether to grant summary judgment, a district court examines all of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any ...." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, if any, or by citation to the pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324.

*Analysis*

The parties have filed several dispositive motions that are at issue. Most of the facts in

this case are disputed. I find that there are genuine issues of material fact that prevent any of these motions from being granted.

ILG seeks a judgment of liability in its favor on its claims for quantum meruit/unjust enrichment and breach of contract. These claims entail two issues over which there is a factual dispute. The first issue is whether Danna McKitrick received a benefit from ILG's completion of the immigration work at issue. ILG claims that a partner at Dana McKitrick has admitted that it received a benefit. Danna McKitrick disputes this representation.

The second issue of material fact concerns the terms of Danna McKitrick's retainer agreements and the basis of the alleged "assignment" of the clients rights to ILG. The factual dispute about the retainer agreements concerns whether or not Danna McKitrick was entitled to keep the clients' entire advance payment of legal fees even though Danna McKitrick undisputably did not complete the work for which it was initially retained. Factual disputes also surround the issue of whether the clients granted an "assignment"of their claims against Danna McKitrick interests or some other right. The parties also disagree about the relationship between the Plaintiffs and which entity was assigned or otherwise given the right to pursue any claims on behalf of the clients.

Danna McKitrick has filed a motion to dismiss challenging the legal status of ILG, Plaintiff Visa Law Group, and the entity styled "McNary Morris & Smalley." Danna McKitrick argues that McNary Morris & Smalley was never an official legal entity and any assignment of rights to that entity could not be transferred to ILG or Plaintiff Visa Law Group. The facts of the relationship between these entities is in dispute. The issue cannot be resolve through a dispositive motion.

Danna McKitrick also filed two motions for summary judgment based on several legal theories. Danna McKitrick disputes whether an assignment of the clients' rights to collect unearned fees was made to ILG. Whether such an assignment was made is disputed. In addition, Danna McKitrick claims there are no unearned fees to be paid to ILG. ILG disagrees with Danna McKitrick's conclusion and continues to demand payment. Danna McKitrick also asserts that ILG claims are barred by the statute of limitations. When the limitations period began to run is a disputed question of fact.

Finally, Danna McKitrick seeks judgment on discrete subsets of clients regarding whether its fees were earned and whether some of the former client's were actually clients of Danna McKitrick at all. These issues are hotly contended based on disagreements about almost every fact and cannot be decided in a motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment on the issue of liability [#85] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendant's dispositive motions [# 88, 90,92] are **DENIED**.

                                               RODNEY W. SIPPEL
                                               UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2005.